**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4310

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

CHARLES WINFOR DANIELS, a/k/a Murda,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:20-cr-00516-TDS-1)

_____

Submitted:  January 20, 2022　　　　　　　　　　Decided:  January 24, 2022

_____

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Craig Matthew Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Winfor Daniels appeals his convictions and the 231-month sentence imposed after he pled guilty, pursuant to a plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and being an accessory after the fact to attempted Hobbs Act robbery, in violation of 18 U.S.C. § 3. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal, but asserting that the district court should have imposed a lesser sentence. Daniels has not filed a pro se supplemental brief, despite receiving notice of his right to do so. The Government moves to dismiss the appeal based on the appellate waiver in Daniels' plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Our review of the record confirms that Daniels voluntarily and knowingly waived his right to appeal his conviction and any sentence imposed, with a few exceptions not at issue here. The waiver is thus valid and enforceable and, in accordance with the terms of his plea agreement, Daniels may not challenge his convictions or the reasonableness of his sentence on appeal.

Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*,

2

410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). In accordance with our obligations under *Anders*, we have reviewed the entire record for any unwaived, potentially meritorious issues for appeal and have found none.

Accordingly, we grant the Government's motion to dismiss, in part, and dismiss the appeal as to Daniels' challenge to his sentence and any other waived issues. We deny the motion as to any unwaived issues and affirm the criminal judgment, in part. This court requires that counsel inform Daniels, in writing, of his right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*